Oldham, J, This was an action brought before a justice of the peace upon a writing obligatory. Upon the trial before the jus-; tice judgment was rendered for the defendant, from which the plaintiff appealed to the circuit court, and upon a trial de novo, in •that court, a verdict was found for the defendant, and judgment was rendered accordingly. The plaintiff jhas brought the case into this court by writ of error. For the plaintiff it is contended that the defence pf usury cannot be set up except by plea verified by affidavit. Such is the law gov-r arning cases brought originally into the circuit court. But the legislature has made a different provision in relation to suits brought before justices of the peace. By the JHev. St. ch. 87, sec. 89, it is enacted that i‘on the trial of all suits upon contracts before any justice of the peace or in any circuit court on appeal, whether brought by the original claimant, or any person for his use, or by the payee or obligee of any note or bond, or his assignee, it shalj be the duty of the justice or court to hear and determine such cause on its merits, and to hear parol proof or other legal evidence to jmppach the consideration or validity pf such note or bond.” The formality of pleading is dispensed with, and no affidavit is necessary for the admission of such a defence. The defence was properly admitted in the case before us. The evidence, as set forth in the bill of exceptions, fully warrants the verdict. 'J'lm judgment must fherefore be affirmed.